HAMMOND *against* M'LEA and others.

*It seems,* that the *public administrator* in the city of *New-York,* has no pow-
er, (under the act relative to persons dying intestate, &c. in *New-York,*
sess. 38. ch. 157.) to administer on goods which were shipped at a for-
eign port, and arrived here *after* the death of the intestate.
At any rate, this Court will not interfere, by injunction, in such case, but
leave the parties to contest their rights at law.

THE bill, filed *May,* 1807, stated, that the plaintiff was
duly appointed *public administrator* in the city of *New-York,*
under the act (sess. 38. ch. 157.) relative to persons dying
intestate, and leaving goods and chattels in the said city.
That *William Alexander Williams,* late a merchant, resident
at *Buenos Ayres,* died there, the 7th of *January,* 1807, leav-
ing goods and chattels *now* in the city of *New-York.* That
he has no widow, or next of kin, resident in *New-York.*
That the plaintiff had applied to the surrogate for letters of
administration under the statute, and waited for the expira-
tion of the citation, for 30 days, &c. That, in the mean
time, the defendants, having obtained possession of goods
of the deceased, since his death, had sold part, and threat-
ened to send the residue to *Europe.* The plaintiff prayed
for an injunction against selling or parting with the posses-
sion of the goods, &c.

The answer of the defendants stated, that the goods in
question came to his possession, in *April* last, under a con-
signment from *Brown, Buchanan & Co.* of *Buenos Ayres,*
and who shipped the goods from *Buenos Ayres,* since the
death of *Williams.* That the defendant paid the freight,
&c., and proceeded to sell the goods, and sold part of them,
before the injunction was issued and served. That the
goods so shipped appeared to belong to the representatives
of *Williams;* that the instructions to the defendants were
to remit the proceeds to *Europe,* and that they had a *lien* on
them, for charges, &c.

*Slosson,* for the defendants, moved to dissolve the injunc-
tion, on the ground, that the case did not come within the
act, which provided, " that whenever any person, not resident
within this state, shall die intestate, *leaving goods and chat-
tels within the city of New-York,* and the widow, or next of
kin, residing within this state, should not, within 30 days
after citation, take out letters of administration, the same
should be granted to the public administrator," &c.

1817.

REMSEN
v.
REMSEN.

THE CHANCELLOR said, he was inclined to think, that the act did not apply to the case, as the goods in question were not here *at the death of Williams*, but were shipped from the *Brazils*, and consigned to the defendants, after his death. If the plaintiff had any rights, he must be left to pursue them at law, under his letters of administration, in case they should be granted. It would *not be proper to interfere with the conflicting claims of third persons, in this way, unless in a case clearly within the act.